IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRICO MARINE ASSETS, INC., ) | |
| ) | |
|     Plaintiff and Counter-Defendant, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 08-0710-KD-C |
| ) | |
| BENDER SHIPBUILDING & REPAIR ) | |
| CO., INC., ) | |
| ) | |
|     Defendant and Counter-Plaintiff, ) | |
| ) | |
| and THOMAS B. BENDER, JR., ) | |
| ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the parties' joint stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (doc. 62). The stipulation is signed by all parties who have appeared in this action. Upon consideration of the stipulation and for the reasons set forth herein, this action is **DISMISSED with prejudice**, with each party to bear his or its costs as stipulated, and the Clerk of the Court is directed to close this file.

Previously, this action was stayed as to defendant Bender Shipbuilding & Repair, Co., Inc. (Bender, Inc), pursuant to the automatic stay provision of 11 U.S.C. §362 (doc. 38) and stayed as to defendant Thomas B. Bender, Jr., on the motion to stay pending resolution of the bankruptcy of Bender, Inc. (doc. 43). Although the automatic stay as to Bender, Inc. has issued, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" *Robert v. Bell Helicopter Textron, Inc.,* 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir. 1990)).

The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Also, the automatic stay serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to

protect creditors by preserving the debtor's estate. *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992).

However, "courts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to rule 41(a) of the Federal Rules of Civil Procedure", so long as the dismissal is not inconsistent with the purpose of the automatic stay. *Settles v. Commissioner of Internal Revenue*, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir.2002); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 ( S.D.Ala. 2000)[1]; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226 (S.D.N.Y. 1994)).[2]  Because dismissal of this action would relieve defendant Bender, Inc. of the expense of litigation and preserve to all creditors any assets which would be subject to a potential recovery in this action, dismissal of this litigation against defendant Bender, Inc. is not inconsistent with the purposes of the automatic stay.  Accordingly, this action is due to be dismissed with prejudice with each party to bear their own costs, as stipulated.

**DONE** and **ORDERED** this the 23rd day of May, 2012.

 **s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] In *Slay*, the district court found that a voluntary dismissal under Rule 41(a)(1)(i) does not violate the automatic stay and that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)) (brackets in original).

[2] *See also Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."); *Gallagher v. Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors") (citations omitted).